# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 20, 2021
Lyle W. Cayce
Clerk

No. 21-40177
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TOMMY JAMES LEE HORNE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-81-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Tommy James Lee Horne, federal prisoner # 10536-078, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. He contends, among other things, that the district court erred by relying on

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40177

U.S.S.G. § 1B1.13, p.s., in denying his motion because § 1B1.13, p.s., and its commentary do not apply to § 3582(c)(1)(A) motions brought by prisoners.

We review the district court's denial of Horne's § 3582(c)(1)(A) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when its decision is grounded in a legal error or clearly erroneous facts. *Id.*

Following the denial of Horne's motion, we held that, although § 1B1.13, p.s. can be considered by a court, a district court is not bound by that section in considering a § 3582(c)(1)(A) motion brought by a prisoner. *See United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021). Because the district court did not have the benefit of *Shkambi* and appears to have relied exclusively upon § 1B1.13, p.s.,[1] we conclude that the decision should be reconsidered under the applicable cases. *See United States v. Cooper*, 996 F.3d 283, 288 (5th Cir. 2021); *see Shkambi*, 993 F.3d at 393; *Chambliss*, 948 F.3d at 693.

The denial of Horne's § 3582(c)(1)(A) motion is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

---

[1] While stating that § 1B1.13, p.s. "informs" the decision, the district relied only upon that definition and did not address anything else, such as 18 U.S.C. § 3553(a). Thus, we conclude that § 1B1.13, p.s. was improperly applied as binding.